J-S56003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS LEVERETTE | : | |
| | : | |
| Appellant | : | No. 44 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 8, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000617-2019

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: MARCH 19, 2021**

Leverette, appeals from the aggregate judgment of

Appellant, Otis sentence of 7½ to 20 years' incarceration, imposed after

a jury convicted him of possession of a controlled substance (35 P.S. § 780-

113(a)(16)), possession of a firearm by a person prohibited (18 Pa.C.S. §

6105(a)(1)), and carrying a firearm without a license (18 Pa.C.S. §

6106(a)(1)).[1] Appellant challenges the trial court's denial of his motion for a

mistrial based on comments by the prosecutor during closing arguments.

After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's notice of appeal incorrectly states that he is appealing from the court's November 21, 2019 order denying his timely-filed, post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence[,] made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted). We have corrected the caption accordingly.

The trial court briefly summarized the facts of Appellant's case, as follows:

> [Appellant] … was found in the backseat of an Uber driver's [car] and was unresponsive when the police officers arrived. Officer [William] Redheffer arrived at the vehicle, waited for backup, knocked on the window of the car, and realized [Appellant] was unconscious. Officer Redheffer opened the door and found a pistol in [Appellant's] hand[,] with [Appellant's] finger around the trigger. Officer Redheffer disarmed [Appellant] and cleared the pistol[,] then conducted a search of [Appellant's] person to ensure that there was not a second weapon. Officer Redheffer was able to wake [Appellant] after he was disarmed[. The officer] performed a search incident to arrest outside of the vehicle[] and found drugs on [Appellant's] person.

Trial Court Opinion (TCO), 4/13/20, at 1 (citations to the record omitted).

Following a jury trial in September of 2019, Appellant was convicted of the above-stated offenses. On November 8, 2019, he was sentenced to the aggregate term set forth *supra*. He filed a timely, post-sentence motion that was denied. Appellant then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on April 13, 2020. Herein, Appellant states one issue for our review: "Did the trial court err when it refused to declare a mistrial after the Commonwealth, during its closing argument, asked the jury to draw an adverse inference from defense counsel's objection to hearsay evidence?" Appellant's Brief at 4.

To begin, we recognize that,

[a] motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

**Commonwealth v. Bennett**, 225 A.3d 883, 890 (Pa. Super. 2019) (citations omitted).

In the present case, Appellant argues that a mistrial was warranted after the prosecutor commented, during her closing argument, on evidence that was precluded by ruling of the court. Appellant explains the context of his claim, as follows:

The theory of the defense was that [Appellant] did not knowingly and consciously possess the firearm. In furtherance of this defense, trial counsel emphasized that [Appellant] was passed out and likely did not know the gun was in his hand; and elicited from Commonwealth witnesses that the police made no effort to prove who the gun belonged to; whether it had any connection to [the Uber driver,] Mr. [Jermaine] Dobine; whether Mr. Dobine was even an Uber driver at all; or the circumstances within which [Appellant] could have ended up holding the gun while he was passed out. The defense also pointed out that the driver allegedly had a clear view of [Appellant,] but never reported that he had a gun.

Mr. Dobine did not appear at trial and was thus not subject to any cross-examination. The defense strenuously objected to hearsay statements from Mr. Dobine when the Commonwealth elicited such answers during its direct[-]examination of the officers. Specifically, the Commonwealth attempted to ask Officer [Robert] Bennett, the responding officer who interacted with Mr. Dobine, what Mr. Dobine's reaction was when he was told there was a gun in the car. **See**[] N.T.[,] 9/11/19[,] at 49-51. These objections were sustained.

During its closing arguments, the Commonwealth nevertheless argued:

> You heard that the police had a conversation with the Uber [d]river and[,] based upon that conversation[,] there was no further investigation done. And you heard defense counsel jump up and down about that whole thing. I wonder why he didn't want [you] to hear of that. I wonder why?

*See*[] N.T.[,] 9/12/19[,] at 24. At the conclusion of the Commonwealth's closing argument, the defense objected to this statement and moved for a mistrial. This motion was denied. *See* [*id.*] … at 31.

Appellant's Brief at 6-7.

Appellant argues that the court's denial of his motion for a mistrial was an abuse of discretion. He contends that "the prosecutor invited the jury to infer that defense counsel objected to [Mr. Dobine's] hearsay statements … because those statements would have undermined the defense theory of the case." *Id.* at 10. Appellant insists that, by doing so, the prosecutor essentially commented on evidence not in the record, which was "entirely improper." *Id.*

In support of this argument, Appellant relies on *Commonwealth v. Brooks*, 523 A.2d 1169 (Pa. Super. 1987). There, during closing arguments, the prosecutor made lengthy remarks about "the nature of fingerprints and the difficulty in obtaining fingerprint evidence from the weapons used because of the material they were made of and the number of people who handled them." *Id.* at 1172. The Commonwealth conceded that it had proffered no evidence regarding fingerprinting at trial. *Id.* at 1171-72. In addition, the prosecutor also asked the jury to make inferences about what a prison-issued, knit hat looked like, despite that the Commonwealth had not entered such a

hat into evidence, or elicited any testimony about the appearance of a prison-issued hat.

The ***Brooks*** panel concluded that the prosecutor's comments were improper. First, we held that the prosecutor's remarks about fingerprinting

> went far beyond the scope of facts in evidence or any legitimate inferences that could be drawn from those facts. The prosecutor was, in effect, testifying as to the nature of fingerprints and the difficulty in obtaining fingerprint evidence from the weapons used because of the material they were made of and the number of people who handled them. This type of testimony is impermissible because it was based on facts that are not a matter of common public knowledge or a matter of which the court may take judicial notice. Accordingly, we conclude that the closing remarks regarding fingerprint evidence amounted to an impermissible assertion of personal knowledge by the district attorney and the lower court erred in denying [the] appellant's exception to the remarks.

***Id.*** (citations omitted). We also found that the prosecutor's statements about prison-issued hats "amounted to an improper comment on facts not in evidence[,]" as the appearance of a ski cap issued by a prison is not the sort of "matter that the jury would know from personal experience[,] nor a matter of which the court could take judicial notice." ***Id.*** at 1172.

Ultimately, the ***Brooks*** panel found "the prosecutor's remarks to be particularly troublesome because they amounted to an admission of further evidence after the defense had rested." ***Id.*** at 1173. We concluded that the prosecutor's errors were not harmless, as the Commonwealth's evidence was contradicted and not overwhelming. ***Id.*** Finally, we noted that the court refused to provide a curative instruction regarding the improper comments,

despite Brooks' counsel's request to do so. *Id.* at 1173 n.1. For all of these reasons, we awarded Brooks a new trial.

Initially, we agree with Appellant that the prosecutor in this case acted improperly by commenting on facts not in evidence. Namely, the prosecutor referred to Mr. Dobin's inadmissible hearsay statements, implying that they would have been harmful to Appellant's defense.

Nevertheless, the at-issue statements by the prosecutor are not comparable to the conduct of the prosecutor in *Brooks*. Here, the prosecutor only mentioned Mr. Dobin's hearsay statements once, and her remarks were extremely brief. These facts distinguish this case from *Brooks*, where the prosecutor provided what amounted to lengthy testimony about fingerprint evidence, and then compounded that error by making another improper comment about the appearance of prison-issued hats.

Additionally, defense counsel in *Brooks* sought a curative instruction, which the court denied. To the contrary, in this case, Appellant's counsel explicitly stated that he did not want any curative instruction. Counsel's failure to seek a curative instruction to cure the prejudice that Appellant now claims he suffered from the prosecutor's remarks weakens his argument that a new trial is warranted. We also observe that the evidence of Appellant's guilt in this case was stronger than that in *Brooks*, as officers observed Appellant holding the firearm in his hand, and testified that their investigation provided no evidence that Mr. Dobine "had anything to do with a firearm."

N.T., 9/11/19, at 53-54.  Finally, the court instructed the jury that the parties' closing arguments were not evidence.  *See* N.T., 9/12/19, at 3.

In sum, while the prosecutor acted improperly in this case, we are not convinced that the trial court abused its discretion by denying Appellant's motion for a mistrial.  The court explained that it "denied [Appellant's] motion for a mistrial because there was no manifest necessity for granting the motion[,]" as the "[c]ourt found that the Commonwealth's statements did not prejudice the jury in this case."  TCO at 9.  Based on the brevity of the prosecutor's at-issue remarks, defense counsel's failure to seek a curative instruction, the strength of the Commonwealth's evidence, and the court's instruction that the arguments of counsel were not evidence, we conclude that this case is distinguishable from *Brooks*.  Accordingly, Appellant has failed to convince us that the court abused its discretion in denying his motion for a mistrial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/21